```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| TAMMARA TILLMAN,<br><br>        Plaintiff,<br><br>    -against-<br><br>THE NEW YORK CITY DEPARTMENT OF HUMAN RESOURCES ADMINISTRATION; ROBERT HOUSER; MICHAEL GREENE; MARIA CINIGLIO; RAD JACUCH; KLARA SHOUMAKER; STEPHANIE GRANT,<br><br>        Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 2/20/2020<br><br>20-CV-1153 (MKV)<br><br>ORDER OF SERVICE |

MARY KAY VYSKOCIL, United States District Judge:

  Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Americans with Disabilities Act of 1990 ("ADA"), and the New York State and City Human Rights Laws, alleging that her employer discriminated against her based on her race and disability.[1] By order dated February 11, 2020, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

## DISCUSSION

  Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Plaintiff Tammara Tillman lists D.S.M., her minor granddaughter, as an additional Plaintiff in the caption of her complaint. Tammara Tillman is the only Plaintiff to have signed the complaint. *See* Fed. R. Civ. P. 11(a) (signature requirement for Court submissions). And as a nonattorney litigant appearing *pro se*, she cannot represent another person in this action. *See, e.g.*, *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). Thus, the Court regards Tammara Tillman as the only Plaintiff in this action and dismisses without prejudice any claims she asserts on behalf of D.S.M.

  Plaintiff is advised that Rule 5.2(a) of the Federal Rules of Civil Procedure requires that Court filings include only: the last four digits of a person's Social Security number, the year of a person's birth, and a minor's initials. Fed. R. Civ. P. 5.2(a)(1) - (3). Plaintiff must comply with Rule 5.2(a)(3) when submitting any documents in the future.

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summonses and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants the New York City Department of Human Resources Administration, Robert Houser, Michael Greene, Maria Cingilio, Rad Jacuch, Klara Shoumaker, and Stephanie Grant through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the New York City Department of Human Resources Administration, Robert Houser, Michael Greene, Maria Cingilio, Rad Jacuch, Klara Shoumaker, and Stephanie Grant and deliver to the U.S. Marshals Service all documents necessary to effect service.

IT IS FURTHER ORDERED that all claims asserted on behalf of D.S.M. as dismissed without prejudice. The Clerk of Court is instructed to terminate D.S.M as a plaintiff in this action. SO ORDERED.

Dated: February 20, 2020
New York, New York

_____
MARY KAY VYSKOCIL
United States District Judge

# DEFENDANTS AND SERVICE ADDRESSES

1. The New York City Department of Human Resources Administration
   4 World Trade Center
   150 Greenwich Street, 38th Floor
   New York, New York 10007

2. Robert Houser
   The New York City Department of Human Resources Administration
   4 World Trade Center
   150 Greenwich Street, 38th Floor
   New York, New York 10007

3. Michael Greene
   The New York City Department of Human Resources Administration
   4 World Trade Center
   150 Greenwich Street, 38th Floor
   New York, New York 10007

4. Maria Cingilio
   The New York City Department of Human Resources Administration
   4 World Trade Center
   150 Greenwich Street, 38th Floor
   New York, New York 10007

5. Rad Jacuch
   The New York City Department of Human Resources Administration
   4 World Trade Center
   150 Greenwich Street, 38th Floor
   New York, New York 10007

6. Klara Shoumaker
   The New York City Department of Human Resources Administration
   4 World Trade Center
   150 Greenwich Street, 38th Floor
   New York, New York 10007

7. Stephanie Grant
   The New York City Department of Human Resources Administration
   4 World Trade Center
   150 Greenwich Street, 38th Floor
   New York, New York 10007