UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

<table>
<tr><td>TAMMARA TILLMAN,</td><td></td></tr>
<tr><td>Plaintiff,</td><td></td></tr>
<tr><td>-against-</td><td></td></tr>
<tr><td>THE NEW YORK CITY DEPARTMENT OF HUMAN RESOURCES ADMINISTRATION, ROBERT HOUSER, MICHAEL GREENE, MARIA CINIGLIO, RAD JACUCH, KLARA SHOUMAKER, and STEPHANIE GRANT</td><td></td></tr>
<tr><td>Defendants,</td><td></td></tr>
</table>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__3/22/2021__

1:20-cv-01153 (MKV)

**OPINION AND ORDER**

MARY KAY VYSKOCIL, United States District Judge:

This is an employment discrimination case brought by Plaintiff Tammara Tillman against Defendants The New York City Department of Human Resources Administration ("NYCHRA") and several individuals employed there. Plaintiff's Amended Complaint asserts claims under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. L. §§ 290 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 *et seq.* ("NYCHRL"), as well as 42 U.S.C. § 1981. *See* Amended Complaint, ECF No. 25 ("AC"), ¶ 1. Defendants moved to dismiss the amended complaint. For the reasons stated herein, the Motion is GRANTED.

**FACTUAL BACKGROUND**

The facts as stated herein are drawn from Plaintiff's Amended Complaint, ECF No. 11 ("AC"), and are assumed to be true for the purpose of the Motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff Tammara Tillman is an African American woman who was employed by NYCHRA until January 2019.  AC ¶¶ 7, 21, 45.  Ms. Tillman states that during her employment and until today, she suffers from "back spasms, sciatica, fibromyalgia, pinched nerves, anxiety, post-traumatic stress disorder, and carpel tunnel syndrome."  AC ¶ 10.  However, she also states that "[h]istorically, [her] ailments do not impair her ability to work.  AC ¶ 10.  Ms. Tillman alleges that she was subjected to discrimination and harassment by other NYCHRA employees beginning when she returned from a leave of absence in April 2015 and lasting until her employment was terminated in January 2019.  AC ¶ 12.  Also relevant to this case, after returning to work from her first leave in April 2015, Ms. Tillman took two additional leaves of absence for medical purposes: first from September 2015 until August 2016, and again from January 2018 until her position was terminated when she did not return to work in January 2019.[1]  AC ¶¶ 21, 30, 45.

The Amended Complaint lays out a series of slights, comments, and actions taken against Ms. Tillman that she claims were discriminatory or subjected her to treatment different from other employees.  Apparently, the conduct began very soon after her return to work in April 2015.  Upon her return to work, in May 2015, Ms. Tillman requested an ergonomic chair as an accommodation for her back-related disabilities.  AC ¶ 28.  However, no chair was provided until October, and Ms. Tillman allegedly suffered an injury as a result in September 2015, requiring her to take a further medical leave. AC ¶¶ 27-28, 30.  The injury was, at least initially, covered by worker's compensation.  AC ¶ 35.  At some other point that year, Ms. Tillman also

---

[1] While not mentioned in the Amended Complaint, Defendants assert that Plaintiff was terminated from her position because she did not return to work at the end of her medical leave in January 2019.  *See* Memorandum of Law in Support of Motion of Dismiss, ECF No. 27, at 17-18.  Plaintiff does not dispute that this was the cause of her termination and is not asserting that she was wrongfully terminated from her employment.  *See* Memorandum of Law in Opposition, ECF No. 34, at 14.

requested a "standing footrest" as a disability accommodation, based on her doctor's specifications, but was instead provided a "rocking footrest."  AC ¶ 29.

Before she took her second leave in September 2015, Ms. Tillman also was targeted by what she claims were discriminatory comments and actions.  For example, in June 2015, one employee, Klara Shoumaker, remarked to Ms. Tillman that she "looked very young to have a disability" and "look[ed] too young to be a grandmother."  AC ¶ 13.  That same month, Plaintiff claims that after she was forced to bring her granddaughter to work on short notice, the same employee, Ms. Shoumacker, was rude to her daughter and threatened disciplinary action against Ms. Tillman if it happened again.  AC ¶¶ 15-16.  By comparison, Plaintiff notes that "two non-African American males brought their children to work" that month and were not threatened with discipline.  AC ¶ 17.  Finally, Ms. Tillman also notes that her repeated verbal requests for overtime (also made to Ms. Shoumacker) were denied, while another white employee's requests were granted.  AC ¶ 25.

After she returned from leave in August 2016, Plaintiff had similar issues at NYCHRA.  Upon her return to work, Ms. Tillman waited a month before receiving an ergonomic chair as an accommodation for her disabilities.  AC ¶ 36.  She also was placed on the same floor and in the same division, despite multiple requests to transfer to work elsewhere.  AC ¶¶ 20, 37.  Ms. Tillman's work duties also changed, which she ties to discrimination.  For example, despite being medically limited to lifting no more than ten pounds, Ms. Tillman was assigned to "push a metal cart to move heavy boxes that contained material for department trainings to different floors" throughout 2017.  AC ¶ 41.  Finally, following the merger of NYCHRA with the Department of Homeless Services, Ms. Tillman claims that her "workload increased tremendously."  AC ¶ 42.

Perhaps as a result of these events, Ms. Tillman interviewed for a position with the Homeless Prevention Administration unit of NYCHRA in 2017 but was not hired.  AC ¶ 31.  She claims that despite "possess[ing] the necessary experience for the job . . . Defendant chose to hire someone else with less [sic] qualifications and employment history."  AC ¶ 32.  Instead, Ms. Tillman continued in her previous role as "Principal Administrative Associate I."  AC ¶ 33.  However, she claims that her duties throughout the period were consistent with a position of "Principal Administrative Associate Level III" and that she was not compensated appropriately.  AC ¶ 33.  Finally, later and for about four months before her final leave of absence, Ms. Tillman began working in a new location, 4 World Trade Center, where another request for an ergonomic chair was never fulfilled.

In March 2016, during her leave of absence, Plaintiff submitted a charge to the federal Equal Employment Opportunity Commission ("EEOC") and a complaint to the New York City Commission on Human Rights.  AC ¶ 9.  Apparently, Ms. Tillman previously had filed some form of claim with the NYCHRA Equal Employment Opportunity Office in 2014, though the Amended Complaint contains no details of that claim or its contents.  AC ¶ 37.  After she filed the 2016 charge, NYCHRA reversed its previous position and denied Plaintiff's claim for worker's compensation related to her September 2015 injury.  AC ¶ 35.  Plaintiff also claims that the discrimination and extra job duties she experienced after she returned to work in August 2016 was as retaliation for filing the EEOC charge.

Plaintiff filed her original complaint in this case [ECF No. 2] on February 7, 2020.  At the time, Plaintiff was proceeding *pro se*.  However, upon referral of this case to the Court's Mediation Program pursuant to Local Rule 83.9, pro bono counsel was appointed.  *See* Mediation Referral Order, ECF No. 5.  Initially, Plaintiff's pro bono counsel was appointed for

the limited purpose of mediation, *see* Notice of Limited Appearance of Pro Bono Counsel, ECF

No. 8, but later, the same counsel filed a Notice of Appearance for all purposes.  *See* Notice of

Appearance, ECF No. 20.  Counsel has signed all of the filings since then, including the

Amended Complaint and Plaintiff's Opposition to the present motion.

      After counsel appeared, the Parties filed pre-motion letters in anticipation of a motion to

dismiss the complaint.  In response to the letters, the Court issued an order granting Defendant

leave to file a motion to dismiss the complaint, but first granting Plaintiff an opportunity to

amend her complaint in response to Defendant's arguments.  *See* Order, ECF No. 22.

Specifically, the Court noted that "[t]his is Plaintiff's last chance to amend her complaint to

respond to the allegations in the Parties' letters."  *See* Order, ECF No. 22, at 1.  Plaintiff

thereafter filed her Amended Complaint and Defendant moved to dismiss.  *See* Amended

Complaint, ECF No. 25 ("AC"); Motion to Dismiss Amended Complaint, ECF No. 26.

      In support of its Motion, Defendant filed a Notice of the Motion [ECF No. 26], a

Memorandum of Law [ECF No. 27] ("Def. Br."), and a Declaration of Counsel in Support [ECF

No. 28].  Plaintiff opposed the Motion with a Memorandum of Law in Opposition [ECF No. 34]

("Opp.") and a Declaration of Counsel in Opposition [ECF No. 35].  Defendant thereafter

submitted a Reply in Further Support of its Motion to Dismiss [ECF No. 36] ("Def. Reply").

## LEGAL STANDARD

      To survive a motion to dismiss for failure to state a claim on which relief may be granted,

under Rule 12(b)(6), a plaintiff need only allege "sufficient factual matter, accepted as true, to

'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The Court must "'accept[] all of the complaint's

factual allegations as true and draw[] all reasonable inferences in the plaintiff's favor.'"  *Siegel v.*

*HSBC North America Holdings, Inc.*, 933 F.3d 217, 222 (2d Cir. 2019) (quoting *Giunta v.*

*Dingman*, 893 F.3d 73, 78-79 (2d Cir. 2018)).  However, the Court is "'not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions.'"  *Id.* (quoting *In re Facebook Initial Public Offering Derivative Litig.*, 797 F.3d 148, 159 (2d Cir. 2015)).  In reviewing a motion to dismiss, the Court is limited the "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken."  *Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n. 2 (2d Cir. 2016).

## DISCUSSION

Defendants have moved to dismiss all of Plaintiff's claims on the ground that they are barred by the statute of limitations or are pleaded insufficiently in the Amended Complaint. Plaintiff's Amended Complaint does not include numbered causes of action.  While not conventional, this alone is not fatal to Plaintiff's case.  "[A] district court is obligated to make a determined effort to understand what the pleader is attempting to set forth and to construe the pleading in his or her favor, whenever the interest of justice so requires." 5 Charles A. Wright & Arthur R. Miller, et al., Federal Practice and Procedure § 1286 (citations omitted); *see also Gorokhovsky v. New York City Hous. Auth.*, 552 F. App'x 100, 102 (2d Cir. 2014) (NYCHRL claims get "liberal construction").

In this case, the Parties agree that Plaintiff's Amended Complaint asserts i) a failure to accommodate claim under the ADA, ii) disability discrimination claims under the ADA (including a claim for a hostile work environment), iii) race discrimination claims under Title VII (including a claim for hostile work environment), iv) a discrimination claim under Section 1981, v) disability and race discrimination claims under the NYSHRL, and vi) disability and race discrimination claims under the NYCHRL.  *See* Def. Br. at 5; Opp. at 6.  Because the Parties agree, the Court accepts that agreement as an accurate characterization of the claims in this case.

Before analyzing the claims however, it is apparent that Plaintiff abandoned several claims by failing to oppose the motion to dismiss them.  *See McGee v. McGready*, No. 16-cv-4187 (NSR), 2019 WL 6341290, at *3 n. 4 (S.D.N.Y. Nov. 26, 2019) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claim. (collecting cases)).  Specifically, after Defendants addressed them in their opening brief, Plaintiff did not oppose dismissal of 1) all claims against the individual Defendants, *see* Def. Br. at 6, 2) her claim under Section 1981, *see* Def. Br. at 6, 3) her hostile work environment claim under NYSHRL, *see* Def. Br. at 23, 4) her retaliation claim under the NYSHRL, *see* Def. Br. at 23, 5) her discrimination claims under the NYCHRL, *see* Def. Br. at 23-24, and 6) her retaliation claim under the NYCHRL, *see* Def. Br. at 25.[2]  *See* Def. Reply at 1-2.  Because they were abandoned, those claims are dismissed.

For the avoidance of doubt, the Court understands that after eliminating the claims Plaintiff has abandoned, those remaining are 1) Failure to Accommodate under the ADA, 2) disability discrimination under the ADA, 3) Hostile Work Environment under the ADA, 4) race discrimination under Title VII, 5) Hostile Work Environment under Title VII, 6) Retaliation under Title VII, 7) race discrimination under the NYSHRL, 8) disability discrimination under the NYSHRL, and 9) Hostile Work Environment under the NYCHRL.

Defendants also suggest that several of these remaining claims are untimely and that Plaintiff has conceded as much.  *See* Def. Reply at 1.  Plaintiff disputes that any of her claims are untimely, but seeks leave to amend to better state the dates of events alleged in the Amended

---

[2] While Plaintiff originally was proceeding *pro se* in this action, because she now has counsel, the Court has no obligation to construe her pleadings liberally or to make the strongest arguments possible.  *Abe v. N.Y. Univ.*, No. 14-cv-09323 (RJS), 2016 WL 2757761, at *3 (S.D.N.Y. May 11, 2016) ("[T]he Court has no obligation to construe a counseled party's submissions liberally[.]" (citing *Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 370 (S.D.N.Y. 2012))).

Complaint. *See* Opp. at 7-8. Because the Court ultimately grants Plaintiff leave to file a Second Amended Complaint in this case, the Court does not rule on the timeliness issues.

A.      *Plaintiff's ADA Claims Fail To State A Claim On Which Relief Can Be Granted*

Plaintiff's Amended Complaint asserts three claims under the ADA: failure to accommodate, disability discrimination, and hostile work environment. Each is dismissed for failure to state a claim.

To make out a claim for failure to accommodate a disability, a Plaintiff must allege that "'(1) [she] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.'" *McBride v. BIC Consumer Prods. Manufacturing. Co., Inc.*, 583 F.3d 92, 97 (2d Cir. 2009) (quoting *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir. 2004)). Here, Plaintiff has failed adequately to allege that she "is a person with a disability" as that phrase has been interpreted and that her employer has refused to make accommodations of her disability.

To determine if a person is disabled pursuant to the ADA, courts in the Second Circuit evaluate "(1) whether the plaintiff suffered from a physical or mental impairment, (2) whether the life activity upon which the plaintiff relied . . . constitutes a major life activity under the ADA, and (3) whether the plaintiff's impairment substantially limited [the] major life activity identified." *Jacques v. DiMarzio, Inc.*, 386 F.3d 192, 201 (2d Cir. 2004) (quoting *Colwell v. Suffolk Cty. Police Dep't*, 158 F.3d 635, 646 (2d Cir. 1998). As the Second Circuit has made clear, "[n]ot every impairment is a 'disability' within the meaning of the ADA." *Capobianco v. City of N.Y.*, 422 F.3d 47, 56 (2d Cir. 2005). In order for a person to be disabled within the

meaning of the ADA, "there are two requirements: the impairment must limit a major life activity and the limitation must be substantial." *Id.* Here, Plaintiff's Amended Complaint does not describe any major life activity that is limited by her litany of medical conditions. In fact, when discussing the impact of her conditions on her employment, Plaintiff states that "[h]istorically, [her]ailments do not impair her ability to work." AC ¶ 10. Plaintiff seems to admit that this statement is fatal to her failure to accommodate claim, but at the same time seeks leave to amend on this point. *See* Opp. at 9-10. Because she fails to allege that she is "a person with a disability" under the ADA, Plaintiff's failure to accommodate claim fails.

The claim also fails for the independent reason that Plaintiff has not alleged that her employer failed to make a reasonable accommodation. The ADA requires "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual[.]" 42 U.S.C. § 12112(b)(5)(A). As Plaintiff admits, the ADA "envisions an interactive process" between the employer and employee to determine whether and what accommodation is appropriate. *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 231 (2d Cir. 2017) (citing *Jackan v. New York State Dep't of Labor*, 205 F.3d 562, 566 (2d Cir. 2000)); *see also* Opp at 10. This collaboration is necessary because "[e]mployers are not required to provide a perfect accommodation or the very accommodation most strongly preferred by the employee" *Noll v. IBM*, 787 F.3d 89, 95 (2d Cir. 2015) (citing 29 C.F.R. § 1630 app.).

Here, Plaintiff has not alleged that her employer failed to make a reasonable accommodation of her alleged disabilities. To the contrary, she alleges that NYCHRA provided Plaintiff with an ergonomic chair and a "rocking" footrest. AC ¶¶ 27-29, 36. Plaintiff's Amended Complaint does not explain why these measures were not "reasonable" other than to say that the footrest was not of the type Plaintiff's doctor recommended. AC ¶ 29. Without

more information about why a different accommodation was necessary, Plaintiff pins her claim

on her failure to be provided the "very accommodation most strongly preferred by the

employee," but under the law, her employer is not necessarily required to provide her preferred

accomodation.[3]  *Noll*, 787 F.3d at 95; *Miller v. McHugh*, No. 14-cv-05026 (CS), 2016 WL

698147, at *5 (S.D.N.Y. Feb. 16, 2016) ("[T]he employer need not demonstrate that the

employee's requested accommodation is impractical; rather the employee must plausibly allege

that the offered accommodation was not reasonable." (citing *Fink v. N.Y.C. Dep't of Pers.*, 855 F.

Supp. 68, 72 (S.D.N.Y. 1994))).

Plaintiff also seems to object that there were delays in her receiving an ergonomic chair.

*See* AC ¶¶ 28, 34, 36.  However, a delay in receiving an accommodation is not actionable unless

the plaintiff alleges that the "delay was motivated by the employer's discriminatory intent, as

opposed to mere negligence."  *Logan v. Matveevskii*, 57 F. Supp. 3d 234, 258 (S.D.N.Y.2014)

(collecting cases).  Plaintiff has not alleged any facts reasonably supporting such an inference.[4]

As a result, because Plaintiff does not allege facts about delay or why the offered

---

[3] In her Opposition, Plaintiff adds facts to demonstrate that she attempted to engage with NYCHRA about what accommodations were necessary and reasonable, as "envisioned" by the ADA. *Stevens*, 851 F.3d at 231.  However, these facts do not appear in the Amended Complaint, are not properly before the Court, and cannot be considered on this motion. *See Concord Assocs., L.P. v. Entm't Props. Tr.*, 817 F.3d 46, 51 n. 2 (2d Cir. 2016) (On a motion to dismiss, the Court is limited to "facts stated on the face of the complaint, . . . documents appended to the complaint or incorporated in the complaint by reference, and . . . matters of which judicial notice may be taken."); *Palatkevich v. Choupak*, No. 12-cv-01681-CM, 2014 WL 1509236, at *9 (S.D.N.Y. Jan. 24, 2014) ("Plaintiffs cannot add allegations through their opposition brief." (citing *O'Brien v. Nat'l Prop. Analysts Partners*, 719 F.Supp. 222, 229 (S.D.N.Y. 1989))).

[4] In her Opposition, Plaintiff argues that the delay involved in getting her an ergonomic chair was more than three years, since she repeatedly requested it and the chair provided never met her doctor's specifications.  Opp. at 11.  To the extent the claim is premised on the chair not complying with her precise wishes, it fails for the same reason her claim related to the footrest fails, *i.e.* that she is not entitled to the precise accommodation she seeks.  *Noll*, 787 F.3d at 95.  Plaintiff's argument that the accommodation took three years is similarly flawed, since Plaintiff herself admits that an ergonomic chair was provided to her during that period, but that she was out on leave at the time.  *See* AC ¶¶ 27-28.

accommodations were unreasonable, the Court cannot hold that Plaintiff has alleged that NYCHRA denied her an accommodation and must dismiss the failure to accommodate claim.

Plaintiff's other ADA claims are dismissed as well, since Plaintiff *effectively* abandoned these claims. Unlike claims which are abandoned because they are not addressed at all in an opposition, "'[w]here abandonment by a counseled party is not explicit but such an inference may be fairly drawn from the papers and circumstances viewed as a whole, district courts may conclude that abandonment was intended.'" *Gonzalez v. New York City Health & Hosp. Corp.*, No. 18-CV-2645 (JPO), 2019 WL 2435622, at *5 (S.D.N.Y. June 11, 2019) (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 196 (2d Cir. 2014))). Here, based on the arguments raised in Plaintiff's Opposition, the Court concludes that both Plaintiff's ADA discrimination and hostile work environment claims effectively were abandoned. With regard to the former, Plaintiff's Opposition only mentions failure to accommodate in her briefing relating to the ADA. *See* Opp. at 8-13. Plaintiff separately breaks out her Title VII race discrimination claim, but not her disability discrimination claim. *See* Opp. at 13. Similarly, in the section of the brief relating to hostile work environment, to the extent Plaintiff makes any argument, she only cites to paragraphs in the Amended Complaint dealing with race discrimination. *See* Opp. at 15. Those allegations primarily relate to comparing her treatment to that of a white woman in her office. AC ¶¶ 12, 21, 22, 25, 26, 40-43. She does not include any arguments specific to a hostile environment based on her disability. Because of these failures, the Court concludes that Plaintiff has effectively abandoned her hostile work environment and direct discrimination claims under the ADA, and, thus, they are dismissed.

**B.**     ***Plaintiff's Title VII Claims Are Dismissed***

Plaintiff pleads claims under Title VII for direct race discrimination, hostile work environment, and retaliation.  Like Plaintiff's ADA claims however, her Title VII claims fail due to myriad deficiencies in Plaintiff's pleading in the Amended Complaint.

### 1)      Direct Race Discrimination Claim

To succeed on a claim of employment discrimination under Title VII, a plaintiff must establish that "1) he belonged to a protected class; (2) he was qualified for the position he held; (3) he suffered an adverse employment action; and (4) that the adverse employment action occurred under circumstances giving rise to an inference of discriminatory intent." *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (quoting *Holcomb v. Iona College*, 521 F.3d 130, 138 (2d Cir. 2008).  However, on a motion to dismiss, a plaintiff merely has the "'*minimal* burden' of alleging facts 'suggesting an inference of discriminatory motivation.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (citing *Littlejohn v. City of New York*, 795 F.3d 297, 310 (2d Cir. 2015)).

A plaintiff must "alleg[e] facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega*, 801 F.3d at 87.  To plausibly allege the latter, circumstantial discrimination, a plaintiff must show "'the more favorable treatment of employees not in the protected group,' who are 'similarly situated in all material respects.'" *Farsetta v. Dep't of Veterans Affs.*, No. 16-cv-6124 (DLC), 2017 WL 3669561, at *5 (S.D.N.Y. Aug. 24, 2017) (first quoting *Littlejohn v. City of New York*, 795 F.3d 297, 312 (2d Cir. 2015), and then quoting *Brown v. Daikin Am. Inc.*, 756 F.3d 219, 230 (2d Cir. 2014)).  "Whether the plaintiff and these comparator employees are similarly situated in 'all material respects will vary from case to case,' and while '[t]he plaintiff's and comparator's

circumstances must bear a reasonably close resemblance,' they 'need not be identical.'" *Id.* (citing *Brown*, 756 F.3d at 230).

An adverse employment action exists if an employee "endures a materially adverse change in the terms and conditions of employment." *Vega*, 801 F.3d at 85 (citation omitted). The action must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Id.*  Indeed, the Second Circuit has described an adverse employment action as an "employer [making] working condition[s], viewed as a whole, 'so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.'" *Green v. Town of E. Haven*, 952 F.3d 394, 405 (2d Cir. Mar. 10, 2020) (citing *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 161 (2d Cir. 1998)).  For the purposes of discrimination law, adverse employment actions can include "termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices unique to a particular situation. *Vega*, 801 F.3d at 85 (citing *Terry v. Ashcroft*, 336 F.3d 128, 138 (2d Cir. 2003)).  It may also include a "disproportionately heavy workload." *Id.* (citing *Feingold v. New York*, 366 F.3d 138, 152-153 (2d Cir. 2004)).

Plaintiff's direct discrimination claim fails because she has not adequately pleaded an adverse employment action.  In her Opposition, Plaintiff claims that what might otherwise be "a litany of minor slights and inconveniences," can constitute an adverse employment action when considered together.  Opp. at 13.  However, this is facially insufficient, since a plaintiff must allege "a materially adverse change in the terms or conditions of employment." *Vega,* 801 F.3d at 87.  While the Court may consider Plaintiff's employment as whole to determine whether any one event rises to the level of an adverse employment action, it remains the case that Plaintiff must allege some specific adverse employment action.  *See Farsetta*, 2017 WL 3669561, at *5

13

(considering five potential adverse employment actions, but analyzing them "as a whole"). Neither the Amended Complaint nor Plaintiff's Opposition identifies a single adverse employment action.

While this deficiency is enough to warrant dismissal of Plaintiff's claim, the Court notes that the only potentially adverse employment actions detailed in the Amended Complaint appear to be 1) Plaintiff's unsatisfied requests for a transfer and for overtime, 2) Plaintiff not being hired for an open position in a different unit, and 3) Plaintiff's increased job responsibilities when NYCHRA was merged with another department. *See* AC ¶¶ 16, 20, 25, 32, 42. Plaintiff does not, however, allege any facts supporting the seriousness of these actions (*i.e.* how any of these actions "materially" or "adversely" changed the conditions of her employment) or the improper motivation behind them. Instead, the Amended Complaint seems to provide a clear business reason for at least one of the actions. Specifically, Plaintiff's allegations suggest that her workload increased as a result of the merger with another department. AC ¶ 42. Absent more, including facts about alterations to her employment or improper motivations, these allegations cannot support that Plaintiff suffered an "adverse employment actions." *See Farsetta*, 2017 WL 3669561, at *5 (holding that a plaintiff's complaint "[did] not plausibly allege that three of these actions are significant enough to constitute adverse employment actions.").

More importantly, Plaintiff's Amended Complaint does not plausibly allege, directly or indirectly, that any of these actions were the result of discriminatory animus. Plaintiff specifically does not allege that any of the potentially adverse actions were directly caused by her race. Indeed, as noted previously, Plaintiff provides a business reason for her increased responsibilities. In her Opposition, Plaintiff attempts to establish discriminatory intent through comparison to another employee, Inna Brenayzen (who is white) whom Plaintiff claims is

similarly situated.  *See* Opp. at 13-14.  However, Plaintiff provides no details in the Amended

Complaint about this person other than her race.  The Court does not know anything about Ms.

Brenayzen's experience at NYCHRA, seniority, qualifications, work performance, or even her

position at the agency.  Without something to compare, the Court certainly cannot conclude that

Ms. Brenayzen is "similarly situated in all material respects" such that any disparate treatment

could lead to an inference of discrimination.  *Brown*, 756 F.3d at 230.  Lacking any other

argument or support for a discriminatory motive, the Court must dismiss Plaintiff's Title VII

discrimination claim on this additional ground.

   2)   *Hostile Work Environment Claim*

  Like Plaintiff's ADA hostile work environment claim, her Title VII claim also fails

because it was *effectively* abandoned.  In her Opposition, Plaintiff devotes only two paragraphs to

defending this claim, of which three sentences at most may be considered argument.  *See* Opp. at

14-15.  The "standard" for a hostile work environment claim, however, is "high."  *Terry*, 336

F.3d at 148.  To state a valid claim, a plaintiff must allege "that his or her workplace was 'so

severely permeated with discriminatory intimidation, ridicule, and insult that the terms and

conditions of [his or] her employment were thereby altered."  *Agosto v. N.Y.C. Dep't of Educ.*,

982 F.3d 86, 102 (2d Cir. 2020) (quoting *Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d

Cir. 2013)).  "'This test has objective and subjective elements: the misconduct shown must be

"severe or pervasive enough to create an objectively hostile or abusive work environment," and

the victim must also subjectively perceive that environment to be abusive.'" *Id.* (quoting *Alfano

v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002)).

  Plaintiff's Opposition does not attempt to argue any of these points, nor does the

Amended Complaint include any facts giving rise to any inference of severe, pervasive abuse or

hostility.  Plaintiff instead devotes her limited argument on this issue to establishing that her claim is based on the "cumulative effect of individual acts."  Opp. at 15.  She does not explain what effect any of Defendants' actions had on her or the effect on her of the workplace as a whole.  Nor does she attempt to argue that the cumulative effect of the acts of which she complains were *objectively* severe and pervasive.  Because she does not address these legal elements of a cognizable claim, the Court concludes that the claim has been effectively abandoned.  *Gonzalez*, 2019 WL 2435622, at *5.  Even if the claim was not abandoned though, for essentially these same reasons, the Amended Complaint plainly does not make out the necessary elements of a facial claim of a hostile work environment and, as such, the claim is dismissed.

### 3)   *Retaliation*

Finally, Plaintiff asserts a claim of retaliation under Title VII.  Specifically, she claims that NYCHRA took actions against her after she filed complaints with the EEOC and New York City Human Rights Commission.  AC ¶¶ 35-39.  To allege a case of retaliation under Title VII, a plaintiff must demonstrate that "(1) she was engaged in protected activity; (2) the employer was aware of that activity; (3) the employee suffered a materially adverse action; and (4) there was a causal connection between the protected activity and that adverse action."  *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012)."  To establish her claim, Plaintiff alleges that after she filed her EEOC charge in 2016, "her supervisors threatened disciplinary action, failed to meet her doctor's specifications for her accommodations, refused to transfer her to a more convenient location, or promote her when she applied for new position [sic]."  Opp. at 16 (citing AC ¶¶ 20, 29, 31, 36, 38-39).  Plaintiff also argues that the "EEO complaint" filed "before 2015" is "background evidence in support of [her] claim."  Opp. at 16.

Filing an EEOC charge certainly is a "protected activity." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005) ("Title VII forbids any employer from 'discriminat[ing] against any of [its] employees . . . because he has made a charge, testified, assisted, or participated in any manner in a [Title VII] investigation, proceeding, or hearing." (quoting 42 U.S.C. § 2000e-3(a)) (alterations in original))).  However, Plaintiff's claim fails because she does not allege that NYCHRA or any individual was aware of her EEOC charge after it was filed.  *See Smith v. City of New York*, No. 12-cv-03250 (JMF), 2013 WL 1903856, at *5 (S.D.N.Y. May 8, 2013) (dismissing Title VII retaliation claim and noting "[plaintiff] pleads no facts that establish a causal connection between her complaints and her termination. Plaintiff has not alleged that [Defendants] were aware that she filed the complaints[.]"); *see also Eyuboglu v. Gravity Media, LLC*, 804 F. App'x 55, 58 (2d Cir. 2020) (affirming grant of summary judgment where plaintiff "failed to present evidence from which a reasonable jury could find that Gravity was aware of the EEOC charge when it dismissed her.").  Here, Plaintiff does not allege any facts, or even a conclusory statement, about NYCHRA's awareness of her 2016 EEOC charge.[5]  The Court cannot conclude that NYCHRA or any of the individual Defendants had knowledge of the EEOC charge or that any adverse action was taken in retaliation for the filing of it.  Accordingly, the retaliation claim fails to state a claim on which relief can be granted and must be dismissed.[6]

---

[5] Plaintiff also does not allege sufficient facts to allow the Court to find a plausible claim that Defendants retaliated against her for the earlier 2014 complaint filed with the NYCHRA Equal Employment Opportunity office.  *See* AC ¶ 37.  Plaintiff provides no information about when that complaint was filed, for what reason it was filed, and whether Defendants ever became aware of it.  More importantly, because Plaintiff does not explain what the complaint concerns, the Court cannot evaluate whether there is any causal connection between it and any harm she suffered.  Moreover, Plaintiff seems to admit that this complaint cannot serve as the basis for a retaliation claim because any such claim would be time-barred.  *See* Opp. at 16.

[6] For the same reason as with Plaintiff's direct race discrimination claim, Plaintiff also has not alleged an adverse employment action in connection with her retaliation claim.  Even if Defendants were aware of the EEOC charge, this deficiency in the pleading is a further ground warranting dismissal of the retaliation claim.

**C.       *Plaintiff's State Law Claims are Dismissed***

As previously noted, Plaintiff has abandoned the majority of her state law claims by

failing entirely to oppose the motion to dismiss them.  *See supra* at 7.  However, Plaintiff does

oppose the motion as it relates to her race and disability discrimination claims under the

NYSHRL and her hostile work environment claim under the NYCHRL.

Discrimination claims under the NYSHRL and NYCHRL generally are subject to the

same standards as claims under Title VII and the ADA.  *Olsson v. ABM Taxi Dispatch*

*Laguardia Airport*, No. 18-cv-08815 (PGG), 2020 WL 5038742, at \*4-5 (S.D.N.Y. Aug. 26,

2020) ("Claims of discrimination under the NYSHRL are analyzed under the same standard as a

Title VII claim." (internal citations omitted)); *Gordon v. City of New York*, No. 14-cv-06115

(JPO), 2015 WL 3473500, at \*11 (S.D.N.Y. June 2, 2015) ([NYCHRL] claims are analyzed

under the same standard as Title VII, § 1983, and [NYSHRL] disparate treatment claims.").

However, NYCHRL discrimination claims need not allege an adverse employment action, but

instead only that the plaintiff was "treated 'less well'—because of a discriminatory intent."

*Mihalik v. Credit Agricole Cheuvreaux North America, Inc.*, 715 F.3d 102, 110 (2d Cir. 2013)

(citation omitted).  Likewise, for a hostile work environment claim, the NYCHRL "omit[s] the

requirement that the complained-of conduct be severe or pervasive."  *Moazzaz v. Metlife, Inc.*,

No. 19-cv-10531 (JPO), 2021 WL 827648, at \*9 (S.D.N.Y. Mar. 4, 2021).

As an initial matter, at this stage, the Court will exercise supplemental jurisdiction over

the state and city law claims despite dismissing her federal claims.  Plaintiff urges the Court to

decline such jurisdiction, presumably to permit her to reassert claims from this case in New York

state court.  *See* Opp. at 17 (citing 28 U.S.C. § 1367(c)(3)).  While Plaintiff is correct that

"generally" courts should decline supplemental jurisdiction when "federal-law claims have

dropped out of the lawsuit," *see* Opp. at 17 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)), Plaintiff's claims have not dropped out of this case yet.  Indeed, because the Court grants Plaintiff leave to amend below, *see infra* at 20-21, the Court expects that some or all Plaintiff's claims will be repleaded in a further amended complaint.  In light of that, judicial economy weighs in favor of keeping all of the claim together for now.  *See City of Chicago v. Int'l Coll. Of Surgeons*, 522 U.S. 156, 173 (1997) ("[W]hen deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" (quoting *Cohill*, 484 U.S. at 350)).

Plaintiff's pleading of the remaining NYSHRL and NYCHRL claims, however, falls short.  Because the NYSHRL claims are subject to the same standards as the Title VII and ADA claims, and because those claims are dismissed, the NYSHRL claims also must be dismissed. *Costabile v. New York Dist. Council of Carpenters*, No. 17-cv-08488, 2018 WL 4300527, at *6 (S.D.N.Y. Sept. 10, 2018) ("[B]ecause Plaintiff fails to state any discrimination claims under Title VII, his NYSHRL discrimination claims fail as well.").  Plaintiff's NYCHRL hostile work environment claim also is foreclosed by the Court's analysis of her ADA and Title VII hostile work environment claims.  While NYCHRL claims for hostile work environment do not require "severe" or "pervasive" conduct, a plaintiff nonetheless must allege that her hostile treatment was "because of discriminatory intent."  *Shojae v. Harlem Hosp. Ctr.*, No. 15-cv-05248 (KBF), 2018 WL 443749, at *10 (S.D.N.Y. Jan. 12, 2018) ("The standard for a hostile work environment under the NYCHRL is more liberal, but still requires that plaintiff show that the alleged hostile work environment is the product of a "discriminatory intent."), *aff'd in relevant part, rev'd in part*, 764 F. App'x 113, 114 (2d Cir. 2019).  As noted above, Plaintiff does not

attempt to show that any adverse action or negative treatment was motivated by discriminatory intent.  Absent allegations to that effect, Plaintiff's NYCHRL claim cannot withstand the motion. Both the NYSHRL claim and NYCHRL claim are dismissed.

**D.      *The Court Grants Plaintiff Leave to File a Second Amended Complaint***

While Defendants urge the Court to deny leave to file a further amended complaint, *see* Def. Reply at 10, throughout her Opposition, Plaintiff requests leave to amend to remedy several apparent errors and omissions.  *See* Opp. at 8, 10, 19.  While the Court previously ordered that Plaintiff's Amended Complaint was her "last chance to amend her complaint" in response to the issues raised in the pre-motion letters, *see* Order, ECF No. 22, the Court also must "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Here, the totality of the circumstances suggest that Plaintiff should have a final opportunity to amend her complaint.  Plaintiff is forthcoming in her Opposition about her willingness to amend, and the Court takes those representations as suggesting that there may be facts that Plaintiff could include to address at least some deficiencies that have been identified. Moreover, the Court notes that less than one month passed between Plaintiff's counsel's notice of appearance as counsel of record in this case for all purposes (as opposed to solely for mediation) and the deadline to file the Amended Complaint.  *Compare* Notice of Appearance, ECF No. 20 (filed May 26, 2020), *with* Amended Complaint, ECF No. 25 (filed June 18, 2020). Indeed, only three days passed between counsel's appearance and her filing a responsive pre-motion letter regarding the arguments ultimately raised in the motion to dismiss.  *See* Letter to Court, ECF No. 21 (dated May 29, 2020).  While counsel must be informed about the facts of a case before filing a pleading, the Court finds that it is in the interests of justice to permit Plaintiff to have more time and a final opportunity to amend the complaint with the benefit of counsel

20

now experienced with this case.  Thus, Plaintiff is granted leave to file an amended complaint as set out below.

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 26] is GRANTED.  The Court also GRANTS Plaintiff's request for leave to file a Second Amended Complaint in this action.  Any such amended complaint must be filed within thirty days of the entry of this Opinion and Order.

The Clerk of Court respectfully is requested to close the motion at ECF No. 26.

**SO ORDERED**

 **Date:   March 22, 2021**
          **New York, New York**
                                    **MARY KAY VYSKOCIL**
                                  **United States District Judge**